## ELLSWORTH *v.* BUELL and Another.

Declaration in covenant by the obligee against the makers of an agreement under seal, dated *May* 8, 1845, by which the makers promised to pay the obligee 217 dollars and 50 cents, in good farming land in *Tippecanoe* county, or the adjoining counties, or in town lots in *Lafayette*, within two years from date—the lands and lots to be appraised at their fair value by appraisers appointed by the judge of the Probate Court and sheriff of the county for the time being. Breach, that although the time for the payment of said sum, &c., had long since elapsed, yet the defendant had not paid, &c., in the manner specified, or in any other manner. Pleas, 1. That the defendant, on the 8th of *May*, 1847, at, &c., paid to the plaintiffs said 217 dollars and 50 cents in said agreement mentioned, in manner and form as therein specified. Conclusion to the country. 2. That he had at all times, &c., and still held himself in readiness to convey to the plaintiffs a sufficiency of good farming land in *Tippecanoe* county, or the adjoining counties, or town lots in *Lafayette*, fully to pay said sum, but the plaintiffs had never demanded any conveyance, &c. 3. That the plaintiffs had not pointed out or designated to the defendant, or expressed to him a preference for any property to satisfy the agreement. 4. That the plaintiffs had not, at any time, offered the defendant an opportunity to consult with them as to a suitable quantity or

quantities, or location or locations, of land to satisfy said agreement, &c. 5. That on the 1st of *July*, 1849, the plaintiffs agreed to receive land in discharge of said agreement, and on that day the defendant offered them a sufficiency of land in *Benton* county (describing it) to satisfy said agreement, and also offered to convey the same to them in satisfaction thereof, and they agreed to receive said lands as a settlement; but afterwards refused without cause, &c. Special demurrer to the first plea, assigning, 1. That the plea alleged performance, without stating the special manner, &c. 2. That it should have concluded to the country. General demurrer to the residue of the pleas. *Held*, that the special causes of demurrer to the first plea were well assigned. *Held*, also, that the other pleas were bad. *Held*, also, that the declaration was not objectionable for not alleging that the plaintiffs had been willing to receive the land; to attend and sanction an appraisement of it, and receive any just award that might be made.

ERROR to the *Tippecanoe* Court of Common Pleas.

DAVISON, J.—Covenant by the appellees against the appellant. The declaration contains three counts. There are five pleas to each count. The first count and the pleas filed to it, present all the points made in the case; therefore, the other counts and pleas will not be further noticed.

The first count is upon an agreement under seal, executed by the appellant and one *Henry W. Ellsworth*, on the 8th of *May*, 1845, by which they agreed to pay the appellees 217 dollars and 50 cents, in good farming land in *Tippecanoe* county, *Indiana*, or the adjoining counties, or in town lots in *Lafayette*, within two years from the date of the agreement; said lands and lots to be appraised at their fair value by appraisers appointed by the judge of the Probate Court and sheriff of the county for the time being. The breach is, " And although the time for the payment of said sum of money," &c., " hath long since elapsed, yet the appellant hath not paid," &c., "in the manner specified," &c., " or in any other manner whatever."

Pleas, 1. That the appellant did, on the 8th of *May*, 1847, at, &c., pay to the appellees the said 217 dollars and 50 cents in said agreement mentioned, in manner and form as therein specified. This plea concludes to the country. 2. That he has at all times, &c., held him-

self in readiness to convey to the appellees a sufficiency of good farming land in *Tippecanoe* county, *Indiana*, or the counties adjoining thereto, or town lots in *Lafayette*, fully to pay said sum of money, and still holds himself in readiness to do so; but the appellees have never demanded any conveyance, &c. 3. That the appellees have not pointed out or designated to the appellant, or expressed a preference to him for any property to satisfy the agreement. 4. That the appellees have not, at any time, offered the appellant an opportunity to consult with them as to a suitable quantity or quantities, or location or locations, of land to satisfy said agreement, &c. 5. That on the 1st of *July*, 1849, the appellees agreed to receive land in discharge of said agreement, and on that day he offered them a sufficiency of land in *Benton* county, *Indiana*, (describing it) to satisfy said agreement, and also offered to convey the same to them in satisfaction thereof; and they agreed to receive said lands as a settlement, but afterwards refused, without cause, &c.

Demurrers were sustained to the pleas, and judgment was given for the plaintiffs below.

To the first plea the demurrer was special. It assigns, 1. That the plea alleges performance without stating the special manner, &c.; 2. That it should have concluded with a verification.

These causes are well assigned. This is not a case in which performance, in general terms, may be pleaded. The rule is, that "if there be anything specific or particular in the thing to be performed, though consisting of a number of acts, performance of each must be particularly stated." 3 Chitty's Pl. 985, n. 1. By the agreement sued on, the appellant, in effect, stipulated that within a stated period he would cause real estate to be appraised and convey the same to the appellees in payment of their debt. The plea does not specifically aver the performance of these stipulations. Therefore, it is defective on special demurrer. But even if it was in other respects good, still its conclusion is evidently wrong.

The second, third and fourth pleas obviously constitute

no bar to the suit. The fifth sets up a verbal contract entered into between the parties after the period stipulated for performance of the agreement had passed. By this contract, the appellees agreed to receive certain lands in *Benton* county as a settlement, &c. If this new contract had been made before breach of the original agreement, it might have been available as stated. But the plea on its face shows that it was not made until after the time of performance had passed. To make the plea in question a defence to the action, it should have averred that a deed for these lands had been made and received by the appellees in satisfaction of their debt.

But it is said that the declaration is objectionable. It does not allege that the appellees had been willing to receive the land; to attend and sanction an appraisement of it, and receive any just award that might be made. There is nothing in these objections. Neither the terms nor effect of the agreement imposed on them any condition, either express or implied. The time of performance was stipulated, and a demand on the appellant was not requisite. Nor were they required, by the agreement, to do anything relative to the appraisement of the land.

*Per Curiam.*—The judgment is affirmed with 7 per cent. damages and costs.

*J. A. Wilstach*, for the plaintiff.

*R. C. Gregory* and *R. Jones*, for the defendants.